UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE JARAMILLO GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 14-2194 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Joanne Jaramillo Garcia filed this action on October 31, 2014. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.) On June 8, 2015, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings.

I.

## PROCEDURAL BACKGROUND

On May 17 and 18, 2011, respectively, Garcia filed applications for disability insurance benefits and supplemental security income, and alleged an onset date of July 17, 2010. Administrative Record ("AR") 15, 159-67. The applications were denied initially and on reconsideration. AR 15, 77-78, 90. Garcia requested a hearing before an Administrative Law Judge ("ALJ"). AR 101. On December 3, 2012, the ALJ conducted a hearing at which Garcia and a vocational expert testified. AR 29-60. On January 7, 2013, the ALJ issued a decision denying benefits. AR 12-25. On August 29, 2014, the Appeals Council denied the request for review. AR 1-5. This action followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Garcia met the insured status requirements through September 30, 2014. AR 17. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Garcia had the severe impairments of degenerative disc disease; diabetes; hypertension with a history of coronary artery disease, status post triple bypass surgery in 2007; asthma; and obesity. AR 17. Her impairments did not meet or equal a listing. AR 18. She had the residual functional capacity ("RFC") to perform light work, except she could lift and carry 20 pounds occasionally and 10 pounds frequently, sit up to six hours out of an eight-hour workday, stand and walk for two hours out of an eight-hour workday, push and pull as much as she could carry and lift, frequently climb ramps and stairs, and frequently stoop. She could never climb, balance, kneel, crouch, or crawl; and could not work on uneven terrain, climb ladders, work at heights, work with machinery, or work where there were fumes, odors, and gases. AR 19.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

The ALJ found that Garcia was unable to perform past relevant work, but there were jobs that existed in significant numbers in the national economy that she could perform, such as inspector, hand; finisher, trimmer; and toy assembler. AR 24.

## C. Residual Functional Capacity

Garcia contends that the ALJ erred in his RFC determination by finding her capable of frequently climbing ramps and stairs, frequently stooping, and pushing and pulling as much as she could carry and lift.

The RFC determination measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2). The RFC takes into account both exertional limitations and non-exertional limitations. The RFC must contain "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling ("SSR") 96-8p.[2] The ALJ must explain how he or she resolved material inconsistencies or ambiguities in the record. *Id.* "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted).

The Commissioner acknowledges that the RFC assessment is internally contradictory. JS 9. On the one hand, Garcia "can never climb, balance, kneel, crouch, or crawl. She cannot work on uneven terrain; she cannot climb ladders; and she cannot work at heights." AR 19. On the other hand, Garcia "can frequently climb ramps and stairs. She can frequently stoop." *Id.*

---

[2] Social Security rulings do not have the force of law. However, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

Contrary to the Commissioner's argument, the court cannot rewrite the RFC assessment. The ALJ adopted the non-exertional limitations found by Dr. Alleyne, an internal medicine consultative examiner. AR 22. On September 10, 2011, Dr. Alleyne examined Garcia and found, with respect to non-exertional limitations, that she could occasionally push and pull, and was precluded from climbing, balancing, kneeling, crouching, crawling, walking on uneven terrain, climbing ladders and working at heights. AR 22, 239. The ALJ also agreed with the assessment of Dr. Wahl, a State agency review physician, who opined that Garcia could occasionally climb ladders/ropes/scaffolds and frequently climb ramps/stairs, balance, stoop, kneel, crouch and crawl.[3] AR 23, 86. The ALJ stated that he "included greater restrictions" than Dr. Wahl "in light of the claimant's subjective complaints." AR 23. In addition, the ALJ asked the VE alternative hypotheticals that either precluded climbing, balancing, kneeling, crouching or crawling (AR 57) or permitted occasional climbing of ladders/scaffolds and frequent climbing of ramps/stairs, balancing, stooping, kneeling, crouching and crawling (AR 56).

Remand is appropriate so that the ALJ may clarify the RFC assessment.

**D.** **Credibility**

Garcia argues that the ALJ erred in his credibility determination because he failed to properly consider her alleged visual limitations and her need to lie down frequently.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other

---

[3] Dr. Wahl appears to claim that Dr. Alleyne changed his RFC opinion to "push/pull frequently and postural movements to frequent with climb ladders occasionally." AR 87. However, Dr. Alleyne did not submit any changes to his opinion and the ALJ did not cite or rely on this portion of Dr. Wahl's opinion.

symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 2015 U.S. App. LEXIS 13560, *14 (9th Cir. Aug. 4, 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 2015 U.S. App. LEXIS 13560, *14-*15. "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* at *15 (citation omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13) (quotation marks omitted). The ALJ may consider: (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Garcia's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of her symptoms were "not entirely credible." AR 20. The ALJ primarily relied on three reasons: (1) the

objective medical evidence did not support Garcia's claims of disabling pain and limitations; (2) Garcia allowed her medications to run out for days; and (3) Garcia received unemployment benefits after the alleged onset date. AR 19-23.

### 1. Objective Evidence

Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ thoroughly discussed the medical evidence in the record, and found that the objective clinical and diagnostic findings did not support Garcia's allegations. AR 20-22. Regarding Garcia's alleged visual limitations, the ALJ found no objective evidence of diabetic retinopathy, and Garcia cites none. AR 21. Dr. Alleyne noted that Garcia had no photophobia, diplopia, blurred vision or discharge. AR 236. Her pupils were equal, round and reactive to light and accommodation; her extraocular muscles were intact; her fundi were benign, without papilledema, hemorrhages or exudates; and there were no visual field deficits or scleral icterus. AR 237. On September 7, 2012, Garcia had an initial visit at the County of San Bernardino Department of Public Health for back pain. AR 317. At that time, her pupils were noted to be PERLA [equal and reactive to light and accommodation], but she was given a referral for an ophthalmology consult due to diabetes. AR 317-18. The record does not include an ophthalmology follow-up.

Garcia cites no objective evidence to support her allegation that she must lie down frequently. The ALJ found that the objective evidence did not support the degree of alleged limitation from Garcia's back, hip, leg and foot pain. AR 20-23. The ALJ noted that Garcia had a history of back pain with infrequent treatment and no persistent signs of radiculopathy or chronic neurological deficits. AR 21. The ALJ acknowledged the presence of degenerative changes at L5-S1, and narrowing at L4-L5, but found no evidence of disc bulging, herniation, or any other lesion warranting surgical intervention. AR 21, 291, 303. The record did not show severe muscle weakness or nerve damage.

AR 21. The ALJ noted negative hip x-rays. AR 21, 312. Dr. Alleyne found that Garcia had an antalgic gait; range of motion of the back was limited; straight leg raises were positive at 10 degrees; her extremities had no clubbing, cyanosis, pedal edema, joint effusions, warmth, swelling, crepitus, joint laxity, or pain on motion; her left hip was tender to anterior palpation, and she had painful hip movements in all planes; and her knees and ankles had a full range of motion. AR 22, 237-38. Dr. Alleyne found that Garcia could perform a range of medium work, including walking and standing up to two hours, and sitting up to six hours. AR 22, 238-39.

### 2. Medication Non-Compliance

The ALJ found that Garcia "consistently" allowed her medications to run out, and that "[h]er cavalier attitude toward obtaining medication refills suggests that [Garcia] does not believe her condition is as severe as she has portrayed." AR 22-23. "[U]nexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" is a relevant factor in weighing a plaintiff's credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Treatment records indicate numerous instances in which Garcia ran out of her medications. AR 240, 249, 262, 265, 279, 292, 309, 313, 325. Garcia testified that her medications were effective when she took them. AR 39. The ALJ could reasonably interpret the evidence as showing that Garcia was not compliant with her medications.

### 3. Unemployment Benefits

The ALJ found that Garcia received unemployment benefits, "which indicate[s] that [Garcia] has certified herself as ready and able to work." AR 23. "Continued receipt of unemployment benefits does cast doubt on a claim of disability, as it shows that an applicant holds himself out as capable of working." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). Garcia testified at the hearing in December 2012 that she had received unemployment benefits since 2010. AR 35.

The ALJ's finding on credibility is supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage

in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)). The ALJ did not err.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for reconsideration of the residual functional capacity assessment.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 1, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

9